IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VEAR LEROY BROOKS,<br><br>      Plaintiff,<br><br>  v.<br><br>CLERK THIRD DIST. et al.,<br><br>      Defendants. | **SECOND ORDER TO AMEND DEFICIENT COMPLAINT**<br><br>Case No. 2:10-CV-1 TC<br><br>District Judge Tena Campbell |

Plaintiff Vear LeRoy Brooks, a Utah State Prison inmate, filed this *pro se* civil rights suit. See 42 U.S.C.S. § 1983 (2010). Plaintiff was allowed to proceed *in forma pauperis*. See 28 U.S.C.S. § 1915. Reviewing the original complaint under § 1915(e), the court determined that Plaintiff's complaint was deficient and gave him a chance to cure those deficiencies. Plaintiff has now submitted an amended complaint, which the court has also reviewed and found wanting as follows:

**Deficiencies in Amended Complaint**

Amended Complaint:

(a)   is not on a proper court-provided form.

(b)   has claims appearing to be based on current confinement; however, the amended complaint was not submitted through contract attorneys.

(c)   does not identify an affirmative link between State of Utah and the violation of Plaintiff's civil rights.

(d)   does not specifically name the Third District court clerk.

(e) names different defendants in the amended complaint's caption than in the text.

**Renewed Instructions to Plaintiff**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the court cannot "supply

2

additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original or amended complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases

dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Finally, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress. Because any claims against the State appear to be precluded by Eleventh Amendment immunity, the Court believes it has no subject-matter jurisdiction to consider them. *See id.* at *9.

## ORDER

**IT IS HEREBY ORDERED:**

(1) Plaintiff shall have **THIRTY (30) DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

(4) Plaintiff's motion for summary judgment and default decision is DENIED. (*See* Docket Entry # 14.)

(5) After reviewing Plaintiff's request against the factors and standards contained in case law, *see Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *accord McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985)*,* Plaintiff's motion for the court to invite an attorney to represent him on a pro bono basis is DENIED for now. (*See* Docket Entry # 10.) However, if the court later determines counsel is warranted, it may appoint counsel then.

DATED this 22nd day of February, 2011.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge